FILED
AUG 2 5 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Antonio Colbert, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. **10 1433** |
| Greyhound, ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, sues D.C.-based Greyhound Bus Company for alleged harassment by its employees and the loss of his hair clipper set, which he alleges was stolen. Compl. at 2. Plaintiff seeks $10,000 in damages. The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because the parties are not of diverse citizenship and the amount in controversy is well below the jurisdictional minimum.



Plaintiff's recourse lies, if at all, in the Superior Court of the District of Columbia. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: August 16, 2010